UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHIA L. GREEN,

    Plaintiff,                              Case No. 04-73805

v.                                                    Hon. Gerald E. Rosen

POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 29, 2007

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

## I. INTRODUCTION

Plaintiff Tashia Green, proceeding *pro se,* commenced this suit in this Court in September of 2004, alleging that her former employer, the United States Postal Service, engaged in discrimination, retaliation, and harassment against her, ultimately leading to her discharge in December of 2001. Plaintiff's claims of disability discrimination are governed by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* while her remaining claims are governed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

*seq.*[1]

By motion filed on August 30, 2005 and supplemented on December 22, 2005, the Defendant Postal Service now seeks summary judgment in its favor on all of Plaintiff's claims. Plaintiff has not responded to either Defendant's initial motion or its supplemental filing.[2] Having reviewed Defendant's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court readily concludes that Defendant is entitled to summary judgment in its favor.

## II. FACTUAL BACKGROUND

For present purposes, the record need be only briefly summarized, with more detail to follow as necessary to the analysis of the various claims asserted in this case. During the time period at issue here, Plaintiff Tashia L. Green was employed as a clerk at the Defendant United State Postal Service's Royal Oak Processing and Distribution Center.

---

[1] In her complaint, Plaintiff also alludes to a claim of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* As Defendant points out, however, the federal government is expressly excluded from the ADA's definition of an "employer." See 42 U.S.C. § 12111(5)(B)(i). Accordingly, Plaintiff's sole recourse is to the Rehabilitation Act, and not the ADA. See Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998); Webster v. Henderson, No 00-1520, 2002 WL 261527, at *4 (4th Cir. Feb. 25, 2002).

[2] Indeed, Defendant notes that Plaintiff also failed to respond to various interrogatories and document requests served during the course of discovery in this action.

According to her *pro se* complaint, Plaintiff experienced harassment, discrimination, and retaliation between February of 2000 and December of 2001, culminating in her termination in December of 2001. She alleges that Defendant's conduct toward her was impermissibly motivated by her race and disability.

According to the record provided by Defendant, Plaintiff had a lengthy disciplinary history prior to her discharge in December of 2001, stemming from her frequent tardiness and absences. On September 7, 2000, for example, she was given a letter of warning for irregular attendance, and this was followed between November of 2000 and May of 2001 with an escalating series of suspensions for repeated episodes of irregular attendance. In a notice of removal dated May 11, 2001, Plaintiff was charged with being absent from work on seventeen occasions between February and April of that year, totaling 170 hours, as well as tardiness on ten other occasions during this period. (See Defendant's Motion, Ex. 1.) In a subsequent grievance proceeding, however, this notice of removal was downgraded to a 30-day "last chance" suspension. (See Defendant's Motion, Ex. 2.)

Unfortunately, Plaintiff's attendance record did not improve upon her return from this suspension. In particular, Defendant's records indicate that she was absent from work on fifteen occasions between August 4 and October 22, 2001, totaling over 258 hours, and that she also was tardy on ten occasions during this period. (See Defendant's Motion, Ex. 3.) Accordingly, Defendant issued another notice of removal to Plaintiff on November 13, 2001, and terminated her employment on December 14, 2001.

Following her discharge, Plaintiff pursued claims of race, gender, and disability discrimination with the Postal Service Office of Equal Employment Opportunity.[3] Following an investigation, the matter was referred to the Equal Employment Opportunity Commission ("EEOC") for a hearing. Plaintiff subsequently withdrew her request for a hearing, and the EEOC then referred the matter back to the Postal Service for a final determination. The agency issued a final decision of no discrimination on June 30, 2004, (see Defendant's Motion, Ex. 8), and this lawsuit followed.

### III.  ANALYSIS

**A.   The Standards Governing Defendant's Motion**

Through its present motion, Defendant seeks summary judgment in its favor on Plaintiff's claims of disability discrimination, race discrimination, harassment, and retaliation. Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In this case, Plaintiff is severely hindered in identifying genuine issues of material fact, in light of her failure to respond in any fashion to Defendant's motion. In addition, by failing to respond to Defendant's discovery requests, Plaintiff has forfeited any opportunity to place materials in the record that might support her claims or undermine

---

[3]These claims were consolidated with an earlier complaint Plaintiff had filed in October of 2001.

the defenses against these claims. As a result, the Court readily concludes that the record is devoid of evidence that could establish several of the requisite elements of Plaintiff's various theories of recovery.

**B.      Plaintiff's Claim of Disability Discrimination Fails for Lack of Evidence That She Is Disabled Within the Meaning of the Rehabilitation Act.**

As noted, Plaintiff's claim of disability discrimination is governed by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* To establish a *prima facie* case of disability discrimination under the Act, Plaintiff must show (1) that she is an individual with a disability, (2) that she was otherwise qualified to perform the requirements of her job, with or without reasonable accommodation, and (3) that she was discriminated against solely because of her disability. Mahon v. Crowell, 295 F.3d 585, 589 (6th Cir. 2002). In support of its present motion, Defendant argues that Plaintiff has failed to establish any of these three prongs of a *prima facie* case. The Court finds that Plaintiff has not satisfied the first element of this standard, and therefore need not address the remaining two elements of Plaintiff's *prima facie* case of disability discrimination.

The Rehabilitation Act, like the ADA, defines an "individual with a disability" as a person who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B); see also 42 U.S.C. § 12102(2) (defining a "disability" in identical terms under the ADA); Mahon, 295 F.3d at 589 (noting that the Rehabilitation Act and the ADA definitions of a "disability" are the

5

same).  As this Court recently observed, "the mere fact that a plaintiff has a recognized 'physical or mental impairment' in and of itself is not enough to establish that he has a cognizable 'disability'" under the Rehabilitation Act, absent proof that this impairment "'substantially limits' a 'major life activity.'"  Runkle v. Potter, 271 F. Supp.2d 951, 959 (E.D. Mich. 2003) (citation omitted).

Even viewing the limited record here in a light most favorable to Plaintiff, there is no evidence of an impairment that substantially limits a major life activity.  In an affidavit submitted during the Defendant agency's EEO investigation, Plaintiff stated that she had suffered a back injury and had sought therapy for depression.  (See Defendant's Motion, Ex. 10, EEO Aff. at 3.)  She further stated that, in light of her physical disability, she could not stand, sit, or walk "for long periods of time without great discomfort," and that she could not "lift items weighing over a certain amount."  (Id. at 4.)  She acknowledged, however, that she did not know whether her impairments were permanent.  (Id. at 3.)  In addition, she failed during discovery in this case to answer questions about her alleged disabilities, or to produce medical documentation in support of her claim of disability.

This record establishes, at most, that Plaintiff was somewhat limited in the sorts of work tasks she could perform.  In evident recognition of this, Defendant imposed various medical restrictions upon Plaintiff's work, including a prohibition on lifting over 15 pounds and a limit to intermittent standing of 1-2 hours per day.  As the courts have uniformly held, "[a]n impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one."  McKay v. Toyota Motor

6

Manufacturing, U.S.A., Inc., 110 F.3d 369, 373 (6th Cir. 1997) (internal quotation marks and citations omitted); see also Runkle, 271 F. Supp.2d at 961-62 (collecting cases). Rather, in order for an impairment to substantially limit the major life activity of working, it must "significantly restrict [the] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." McKay, 110 F.3d at 373.

There is no evidence to support such a conclusion here. Neither is there any evidence that the impairments identified by Plaintiff substantially limited her in any other major life activity. Accordingly, Plaintiff has failed to establish a *prima facie* case of disability discrimination under the Rehabilitation Act.

**C.     Plaintiff Has Failed to Establish a *Prima Facie* Case of Retaliation.**

Plaintiff next alleges that Defendant unlawfully retaliated against her, presumably in response to her prior EEO submissions and related activities. To establish a *prima facie* case of retaliation, Plaintiff must show (1) that she engaged in activity protected by Title VII, (2) that this exercise of protected rights was known to her employer, and (3) that her employer thereafter took adverse employment action against her. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000). Once again, Defendant argues, and the Court agrees, that Plaintiff has failed to satisfy at least one of the prongs of this standard.

Defendant concedes that Plaintiff engaged in protected activity by virtue of her prior EEO filings. Defendant further acknowledges that Plaintiff's discharge qualifies as

7

an "adverse employment action." Nonetheless, Defendant contends that Plaintiff's *prima facie* case founders on the second prong of the above-cited standard, where there is no evidence that her supervisors were aware of her protected activity. In support of this assertion, Defendant cites the affidavits of Julia Nunn, Plaintiff's direct supervisor, and Peter Edward, Nunn's manager, which were submitted in the course of the Defendant agency's EEO investigation. In their respective affidavits, Nunn and Edward deny any knowledge of Plaintiff's prior EEO activity, and Plaintiff has not produced any evidence that might tend to contradict or undermine these assertions. Accordingly, Plaintiff has failed to establish a *prima facie* case of retaliation.

**D.     Plaintiff Has Failed to Identify Any Severe or Pervasive Conduct in Support of Her Claim of Harassment.**

Plaintiff next alleges that she was subjected to harassment in the course of her employment with the Defendant agency. It is not clear from the record whether Plaintiff asserts that this harassment was on account of her race or her disability, or whether it perhaps was part of her supervisors' alleged retaliation against her protected EEO activity. Regardless, Plaintiff must show that the alleged harassment was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Akers v. Alvey, 338 F.3d 491, 498 (6th Cir. 2003).

The only evidence in the record that even arguably bears upon this issue is Plaintiff's affidavit submitted in the course of the Defendant agency's EEO investigation. In this affidavit, Plaintiff states that she was denied a requested shift change, and that her

supervisors refused to give her a time card and prevented a pay adjustment from being processed. These isolated instances of Plaintiff's disagreements with her supervisors do not, as a matter of law, constitute "severe or pervasive" harassment that altered the conditions of Plaintiff's employment and created an abusive working environment. Accordingly, Defendant is entitled to summary judgment in its favor on Plaintiff's claim of harassment.

**E.      Plaintiff Has Failed to Establish a *Prima Facie* Case of Race Discrimination.**

Finally, Plaintiff alleges in her complaint that she was a victim of race discrimination. As one prong of a *prima facie* case of race discrimination, Plaintiff must point to evidence that would permit an inference of race-based animus, such as evidence (i) that she was replaced by a person outside her protected class, or (ii) that she was treated differently from a similarly-situated employee outside her protected class for the same or similar conduct. Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir. 1992).

There is nothing in the record that would permit such an inference here. As Defendant points out, Plaintiff has not identified any fellow employee who had a similar attendance and disciplinary record yet was treated more favorably than she was. In any event, even if Plaintiff had established a *prima facie* case, Defendant points to her attendance and disciplinary record as a legitimate, nondiscriminatory reason for her discharge, and there is no evidence in the record that this stated reason was a mere pretext for unlawful discrimination. Accordingly, Defendant is entitled to summary judgment in

its favor on Plaintiff's claim of race discrimination.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 30, 2005 motion for summary judgment is GRANTED.

                                                    s/Gerald E. Rosen
                                                    Gerald E. Rosen
                                                    United States District Judge

Dated: March 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2007, by electronic and/or ordinary mail.

                                                      s/LaShawn R. Saulsberry
                                                    Case Manager